UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RICHARD LUTZ,<br>    *Plaintiff*,<br><br>    *vs.*<br><br>RUI M. PATO,<br>    *Defendant.* | )<br>)<br>)<br>)   2:14-cv-00228-JMS-WGH<br>)<br>)<br>)<br>) |

### **ORDER**

Defendant removed this case from state court to this Court, alleging that this Court has diversity jurisdiction over this matter. [Filing No. 1 at 1-2.] The Court has an independent duty to ensure that it possesses jurisdiction over the actions assigned to it. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533 (7th Cir. 2007).

Plaintiff filed his Local Rule 81-1 statement, alleging, among other things, that "[t]his action involves a controversy between citizens of different states in that Plaintiff is a resident of the State of Indiana and Defendant is a resident of the State of New York." [Filing No. 6 at 1.] But "residence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction." *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

The Court is not being hyper-technical: Counsel has a professional obligation to analyze subject-matter jurisdiction, *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012), and a federal court always has a responsibility to ensure that it has jurisdiction, *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009).

To ensure that the Court has diversity jurisdiction, the Court **ORDERS** Plaintiff to file an Amended Local Rule 81-1 Statement by **September 30, 2014**, that properly sets forth the parties' citizenship rather than their residency.

Date: 09/23/2014

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**